**BRADLEY GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:    (805) 270-7100
Facsimile:    (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
        kgrombacher@bradleygrombacher.com

Attorneys for Plaintiff, FESAITU MARIO

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO COUNTY

| | |
|---|---|
| FESAITU MARIO, an individual, on his own behalf and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SWISSPORT USA, INC., a Delaware corporation, SWISSPORT CARGO SERVICES, L.P., a California limited partnership, <br><br> Defendants. | CASE NO. <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. **Meal and Rest Break Violations (*Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040);** <br> 2. **Failure to Pay Overtime Compensation (*Welfare Commission Orders* and *Labor Code* §§ 510, 1194);** <br> 3. **Failure to Provide Proper Wage Statement (*Lab. Code* § 226(a));** <br> 4. **Unfair Business Practices (*Business and Professions Code* § 17200); and** <br> 5. **Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act ("FLSA")** <br><br> **DEMAND FOR JURY TRIAL** |

All allegations in this Class Action and Collective Action Complaint ("Complaint") are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and his counsel. Plaintiff's information and belief is based upon, *inter alia*, the

-1-

investigation conducted to date by Plaintiff and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Plaintiff FESAITU MARIO ("Plaintiff" or "MARIO"), on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. This matter is brought as a class action, pursuant Federal Rule of Civil Procedure 23, a collective action pursuant to 29 U.S.C. §201, *et. seq.,* and, after exhaustion of administrative requirements has been completed as an enforcement action pursuant to California Labor Code § 2698 *et. seq*, on behalf of Plaintiff and the putative class, which is defined more specifically below, but which is comprised, generally, of all former and current non-exempt employees of Defendant SWISSPORT USA, INC., a Delaware corporation and/or its subsidiaries ("Swissport USA") and Defendant SWISSPORT CARGO SERVICES, L.P., a California limited partnership and/or its subsidiaries ("Swissport Cargo") (collectively, "Defendants" or "Swissport"). The Rule 23 Class Period is from April 14, 2013, to the date judgment is rendered herein. The FLSA Claim Class Period is from April 14, 2014, to the date judgment is rendered herein.

2. Plaintiff seeks relief on behalf of himself and the members of the putative class as a result of employment policies, practices and procedures more specifically described below, which violate the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and the Fair Labor Standards Act, and which have resulted in the failure of Defendants to pay Plaintiff and members of the putative class all wages due to them. Said employment policies, practices and procedures are generally described as follows:

    a. Defendants failed to provide Plaintiff and members of the putative class with timely meal and rest breaks (California Labor Code §§ 200, 226.7, 512, 12 CCR § 11040, and 29 U.S.C. §201, et. seq.);

    b. Defendants routinely failed to pay Plaintiff and members of the putative class correct overtime compensation (Welfare Commission Orders and California Labor Code §§ 510, 1194); and,

    c. Defendants failed to provide Plaintiff and members of the putative class with

**CLASS ACTION COMPLAINT**
*FESAITU MARIO v. SWISSPORT USA INC., et al.*

proper wage statements (California Labor Code § 226(a)).

3. In addition, Plaintiff and members of the putative class seek relief and damages for Defendants' violation, by way of the above-described conduct, of California's unfair competition laws (California Business & Professions Code § 17200), including the equitable remedies of declaratory relief, disgorgement, accounting, and restitution.

4. Plaintiff and the members of the putative class seek relief and damages for Defendants' violation, by way of the above-described conduct, of the Fair Labors Standards Act. Plaintiff and this proposed class alleges that Defendants' payroll practices with respect to its non-exempt employees in California and in the United States, caused it to inaccurately calculate the rates used for overtime and straight time.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over the claims asserted herein individually and on behalf of the class pursuant to 28 U.S.C. §1332, as amended in February 2005 by the Class Action Fairness Act. Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds seventy-five thousand dollars, exclusive of interest and costs; and (2) a substantial number of the members of the proposed classes are citizens of a state different from that of Defendants. Personal jurisdiction is proper as Defendants have purposefully availed themselves of the privilege of conducting business activities within this District

6. The Northern District of California has personal jurisdiction over the Defendant named in this action because Defendant is a corporation or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through the ownership and operation of approximately retail stores within the State of California including airport services at the San Francisco Airport where Plaintiff is employed, to render the exercise of jurisdiction by the California courts consistent with traditional notions of fair play and substantial justice.

7. Defendants have operated their business and committed violations of the California Labor Code, which are the subject of the present complaint, in this District. As such,

venue is proper in this judicial district under 28 U.S.C. §1391(b)(2), because Defendant conducts business in this District and a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this District.

8.      This Court has subject matter jurisdiction over this class action under 28 U.S.C. §§1331 and 1367(a). Specifically, this action presents claims under the Federal Labor Standards Act ("FLSA") and accompanying state law claims under the California Labor Code, which form part of the same case or controversy under Article III, section 2 of the U.S. Constitution.

**INTRADISRICT ASSIGNMENT (LOCAL RULE 305(b)**

9.      As provided in Northern District Civil L.R. 3-2(d), this Action shall be assigned to the San Francisco Division as the actions giving rise to this litigation occurred in the County of San Francisco.

**THE PARTIES**

10.      Plaintiff is over the age of eighteen and a resident of San Mateo, California.

11.      According to http://www.Swissport.com, Defendant Swissport USA is the largest provider of ground and cargo handling services in the aviation industry. Swissport provides services on behalf of approximately 835 client-companies and handles around 230 million passengers and 4.1 million flights (movements) per year. Swissport operates around 133 warehouses and moves approximately 4.3 million tons of cargo. Swissport has a workforce of around 62,000 personnel and is active in more than 280 stations in 48 countries across five continents. Swissport is divided into six (6) sections, including Ground Handling, Cargo, Fueling, Executive Aviation, Security and Maintenance.

12.      According to http://www.Swissport.com/network/, Defendant Swissport Cargo provides cargo services to fifteen (15) airports in North America including, Boston, Massachusetts; Atlanta, Georgia; Cleveland, Ohio; Des Moines, Iowa; El Paso, New Mexico; Houston, Texas; Los Angeles, California; Miami, Florida; New York City, New York; Newark, Connecticut; Phoenix, Arizona; San Francisco, California; Seattle, Washington and Washington Dulles International Airport. According to Swissport's website, "Cargo Services" include the following activities: Freight Handling (on/off airport); Mail Handling; Document Handling

-4-

**CLASS ACTION COMPLAINT**
*FESAITU MARIO v. SWISSPORT USA INC., et al.*

(import/export); Integrator Handling; Cargo Handling in a Third-Party Facility; Freighter Ramp Services/Transportation; Outsourced Hub Operations and Management; Network Handling Services (Off-Line); Call Centre and Airline Customer Services; Trucking Services; Warehousing; and e-Freight Services.

13. The members of the proposed class are likewise current and former employees of Swissport, employed by Defendants within the United States during the Class Period as non-exempt employees.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

15. Plaintiff and the members of the putative class were and are classified by Defendants as non-exempt employees, pursuant to the provisions of the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards. As non-exempt employees, Plaintiff and members of the putative class are entitled to certain benefits, including mandated meal and rest breaks. In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

16. According to http://www.Swissport.com, Defendant Swissport USA is the largest provider of ground and cargo handling services in the aviation industry. Swissport provides services on behalf of approximately 835 client-companies and handles around 230 million passengers and 4.1 million flights (movements) per year. Swissport operates around 133 warehouses and moves approximately 4.3 million tons of cargo. Swissport has a workforce of around 62,000 personnel and is active in more than 280 stations in 48 countries across five continents. Swissport is divided into six (6) sections, including Ground Handling, Cargo, Fueling, Executive Aviation, Security and Maintenance.

17. According to http://www.Swissport.com/network/, Defendant Swissport Cargo provides cargo services to fifteen (15) airports in North America including, Boston, Massachusetts; Atlanta, Georgia; Cleveland, Ohio; Des Moines, Iowa; El Paso, New Mexico; Houston, Texas; Los Angeles, California; Miami, Florida; New York City, New York; Newark,

1  Connecticut; Phoenix, Arizona; San Francisco, California; Seattle, Washington and Washington
2  Dulles International Airport. According to Swissport's website, "Cargo Services" include the
3  following activities: Freight Handling (on/off airport); Mail Handling; Document Handling
4  (import/export); Integrator Handling; Cargo Handling in a Third-Party Facility; Freighter Ramp
5  Services/Transportation; Outsourced Hub Operations and Management; Network Handling
6  Services (Off-Line); Call Centre and Airline Customer Services; Trucking Services;
7  Warehousing; and e-Freight Services.

8      18.    Plaintiff alleges that he has been employed by Defendants as a "Cargo Agent" in
9  the San Francisco Airport since approximately April 2015. Plaintiff is a current employee of
10  Defendants. He makes approximately $15 an hour and works from Monday to Friday beginning
11  at around 5:00 p.m. Plaintiff works from 40 to 80 hours a week. Plaintiff's Direct Supervisor is
12  Anuman Pillay. Based upon information and belief, Plaintiff alleges that he and the other
13  members of the putative class were informed of policy changes on a frequent basis.

14  ***Defendants' Failure to Provide Meal and Rest Breaks***

15      19.    Plaintiff alleges that Defendants routinely understaffed the shifts worked by
16  Plaintiff and the members of the putative Classes making it impossible to take meal and rest
17  breaks at the times designated by the California <u>Labor Code</u>, which are set forth below. Plaintiff
18  and the members of the putative class were unable to stop to take meal and rest breaks or else the
19  airline services would come to a standstill causing even a further delay of the import/export
20  through the airports. The lack of sufficient employees to deal with the volume of airport traffic
21  was a constant issue that Defendants have not resolved.

22      20.    Plaintiff is further informed and believes, and based thereon alleges, that as a
23  matter of policy and/or practice, Defendants routinely failed to provide Plaintiff and the members
24  of the putative class, with meal and rest periods during which they were relieved of all duties by
25  requiring them to remain on duty.

25      21.    At all times, relevant hereto, California <u>Labor Code</u> § 226.7 and IWC Wage Order,
26  number 9-2001, section 12, required employers to authorize, permit, and provide a ten (10) minute
27  paid rest for each four (4) hours of work, during which employees are relieved of all duties.

28

**CLASS ACTION COMPLAINT**
***FESAITU MARIO v. SWISSPORT USA INC., et al.***

22.    At all times, relevant hereto, California Labor Code § 226.7(b) and IWC Wage Order, number 9-2001, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

23.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to effectively communicate the California rest period requirements to Plaintiff and the members of the putative class. Plaintiff is further informed and believes and based thereon alleges that throughout the relevant time period Defendants failed to provide rest periods.

24.    Throughout the Class Period, Plaintiff and the members of the putative class were routinely denied the rest breaks they were entitled to under California law.

25.    Specifically, throughout the Class Period, Defendants regularly:

   a. Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the putative class were relieved of all duties for each four (4) hours of work and able to take rest periods within the middle of the shift;

   b. Failed to pay Plaintiff and the members of the putative class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

   c. Failed to provide Plaintiff and the members of the putative class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duties before working more than five (5) hours;

   d. Failed to provide Plaintiff and the members of the putative class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duties before working more than ten (10) hours per day;

   e. Failed to pay Plaintiff and the members of the putative class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

   f. Failed to accurately record all meal periods.

-7-

*Defendants' Failure to Pay Overtime Compensation*

Plaintiff alleges that Defendants routinely understaffed the shifts worked by Plaintiff and the members of the Putative Classes making it impossible to complete their job duties within an eight (8) hour shift. Plaintiff alleges that given the lack of employees combined with the heavy airport traffic and significant time sensitive job duties, it was impossible for them to leave at the end of the designated shift or else the airline cargo services would come to a standstill of airport activities in various sections. The lack of sufficient staffing to perform job duties was a constant issue that Defendants still have not resolved. Indeed, Plaintiff and the members of the putative class were reprimanded for not being able to complete job duties in the scheduled time period, but Defendants failed to provide sufficient staffing to perform all the job duties required. Given the nature of the job duties and the number of people not completing them would affect, Plaintiff and the other members of the putative class would routinely stay hours after the scheduled shift ended to ensure that all job duties were completed in order to not impact airport activities. Despite voicing these concerns to Defendants, Defendants have not taken any action to correct the practices.

26. Plaintiff alleges that he and the members of the putative class were not paid for overtime on a routine basis.

27. Plaintiff alleges that Defendants would routinely roll-over overtime he and the other members of the putative class worked to the next pay period so that the hours were paid at the regular rate and not at the overtime rate.

28. California Labor Code § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

29. California Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no

-8-

less than twice the regular rate of pay for an employee." California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

30. Throughout the Class Period, Wage Order No. 9-2001, Section (3) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

31. Defendants classified Plaintiff and putative class members as non-exempt, therefore they were entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

32. As a matter of policy and/or practice, Defendants routinely suffered or permitted Plaintiff and putative class members to work portions of the day during which they were subject to Defendants' control, and failed to compensate them. Accordingly, Defendants failed to properly record the actual hours worked by Plaintiff and members of the putative class, and thus failed to pay overtime wages for the actual amount of overtime hours worked.

**Defendants' Failure to Provide Accurate Wage Statements**

33. As a result of the meal and rest break, and overtime violations, described above, Plaintiff and members of the Plaintiff Class were, and are, routinely provided wage statements which do not truly and accurately reflect the number of hours worked by them, or the wages due to them.

34. Based upon information and belief, Plaintiff and the other members of the putative class did not receive wage statements.

**Facts Regarding Willfulness**

35. Plaintiff is informed and believes and based thereon alleges that Defendants are and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

36. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the putative class members, including Plaintiff, were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Plaintiff and the members of the putative class one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

37. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the putative class members, including Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendants to pay the putative class members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

38. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the putative class members, including Plaintiff, were and are entitled to overtime wages when working in excess of eight (8) hours a day.

39. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the putative class members, including Plaintiff, were and are entitled to meal and rest breaks.

## CLASS ACTION ALLEGATIONS

40. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

41. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to Federal Rule of Civil Procedure 23. The class which Plaintiff seeks to represent are composed of, and defined as follows:

**Rule 23 Class:**

All employees who were or are employed by Defendants during the Class Period in California as "non-exempt employees." As used in this class definition, the term "non-exempt employee" refers to those who Defendants have classified as non-exempt from the overtime wage provisions of the California Labor Code.

-10-

42. Rule 23 Class Period is the period from April 14, 2013, through and including the date judgment is rendered in this matter

43. The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

44. Common questions of law and fact exist as to all members of the class which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    a. Whether Plaintiff and members of the proposed class are subject to and entitled to the benefits of California wage and hour statutes;

    b. Whether Defendants maintained accurate records of the hours worked by employees;

    c. Whether Plaintiff and members of the Plaintiff Class are entitled to overtime compensation;

    d. Whether Defendants had a standard policy of not providing meal and rest breaks to Plaintiff and members of the putative class;

    e. Whether Defendants failed to maintain accurate records of work performed by members of the Class in violation of California Labor Code section 1174 and IWC Wage Order 9, § 7;

    f. Whether Defendants unlawfully and/or willfully deprived Plaintiff and Class Members of meal and rest breaks and pay for missed breaks pursuant to California Labor Code §§ 200, 226.7, 512, and 12 CCR § 11040;

    g. Whether Defendants unlawfully and/or willfully deprived failed to compensate employees for all hours worked;

    h. Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and

members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California Labor Code section 226(a);

i. Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

j. Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, Bus. & Prof. Code § 17200, *et seq.*

45. The claims of the named Plaintiff are typical of the claims of the members of the putative class. Plaintiff and other class members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

46. Plaintiff is an adequate representative of the proposed classes because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intends to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

47. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

48. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the Fed.R.Civ.P. 23 because:

-12-

a. The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and

b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

50.     Plaintiffs further bring this suit as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") on behalf of the "FLSA Class" defined as:

**FLSA Class:**

All persons who were, are, or will be employed by Defendants as "non-exempt employees" in the United States within the applicable limitations period, which is three years preceding the filing of the original Complaint herein plus such additional time as may be provided pursuant to equitable tolling.

51.     Plaintiffs allege that during the FLSA Class Period, they are and were:

(A.) individuals who resided in the United States of America;

(B.) were employed as "non-exempt" employees for Defendants in the United States within the three years preceding the filing of the complaint herein;

(C.) worked more than 40 hours in any given week;

(D.) did not receive all overtime compensation for all hours worked over 40 hours in any given week;

-13-

(E.) worked regular hours for which they received no pay whatsoever;

(F.) are members of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and,

(G.) have signed a consent to sue that shall have been filed in this court.

48.     All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to employee time clock reports and payroll records.

***Plaintiff's Exhaustion of Administrative Remedies***

52.     Plaintiff is currently complying with the procedures for bringing suit specified in California Labor Code § 2699.3. By letter dated April 14, 2017 required notice to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

53.     This Complaint will be amended when more than sixty (60) days have passed since the date the notice was mailed to Defendants and the LWDA, if the LWDA chooses not to investigate the allegations herein.

## FIRST CAUSE OF ACTION

## MEAL AND REST BREAK VIOLATIONS

### (CALIFORNIA LABOR CODE §§ 200, 226.7, 512, and 12 CCR § 11040)

### (By Plaintiff and Members of the California Sub-Class Against All Defendants)

54.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

55.     California Labor Code § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

56.     California Labor Code § 512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with

-14-

a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

57.    California Labor Code § 512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

58.    California Labor Code § 516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

59.    Section 10 of Wage Order No. 9-2001 provides that "Unless the employee is relieved of all duties during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duties and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

60.    Section (D) of Wage Order No. 9-2001, Section 11 provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

61.    California Labor Code § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

62.    California Labor Code § 516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to rest periods for any workers in California consistent with the health and welfare of those workers.

63.    IWC Wage Order, number 9-2001, section 12 required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which

-15-

employees are relieved of all duties.

64. At all times, relevant hereto, California Labor Code § 226.7(b) and IWC Wage Order, number 9-2001, section 12(B) required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

65. Throughout the Class Period, Plaintiff and the members of the putative class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

66. Throughout the Class Period, Plaintiff and the members of the putative class sometimes worked over ten (10) hours per work period, and therefore, were entitled to a second meal period of not less than thirty (30) minutes.

67. Throughout the Class Period, Plaintiff and the members of the putative class did not waive their meal periods, by mutual consent with Defendants or otherwise.

68. Defendants failed to comply with the required meal periods established by California Labor Code § 226.7, California Labor Code § 512, California Labor Code § 516 and the applicable Wage Order.

69. Defendants failed to compensate Plaintiff and members of the putative class with premium wages when meal periods were missed, short, or late.

70. Pursuant to Sections 11 and 12 of Wage Order No. 9-2001, and California Labor Code § 226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

71. At all times relevant to this Complaint, each Defendants failed, and has continued to fail, to timely provide Plaintiff and members of the putative class with meal periods.

72. Thus, throughout the Class Period, Defendants regularly:

(a) Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the putative class were relieved of all duties for each

four (4) hours of work; and

(b)     Failed to pay Plaintiff and the members of the putative class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

73.     As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and Class Members have been deprived of meal and rest period wages due in amounts to be determined at trial.

74.     Pursuant to California Labor Code §§ 226.7, 512, and Wage Order 9-2001, as a result of Defendants' failure to pay Plaintiff and Class Members for all meal periods and rest periods, Plaintiff and all Class Members are entitled to recover the unpaid meal and rest period wages, plus interest, fees and costs thereon.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

**(By Plaintiff and Members of the California Sub-Class Against All Defendants)**

75.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

76.     California Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

77.     Defendants have failed and refused to pay to Plaintiff and each member of the putative class all overtime wages due to them in compliance with California Labor Code including, but not limited to, failing to pay all overtime accrued. Based upon information and belief, Plaintiff and the other members of the putative class were not routinely paid overtime when they worked in excess of eight (8) hours in a given day.

-17-

78. As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and each member of the putative class has been deprived of overtime wages due in amounts to be determined at trial.

79. The applicable overtime requirements fixed by the commission for Plaintiff and the putative class, are found in Wage Order 9-2001.

80. Pursuant to California Labor Code §§ 1194 and 1194.2 as a result of Defendants' failure to pay Plaintiff and the members of the putative class all overtime wages due, Plaintiff and members of the putative class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### VIOLATION OF CALIFORNIA *LABOR CODE* 226(a)

**(By Plaintiff and Members of the Putative California Sub-Class Against All Defendants)**

81. Plaintiff incorporates all preceding paragraphs as though fully set for herein.

82. California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

"Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . .. (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer."

Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand

-18-

dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

83. Plaintiff and members of the Plaintiff Class were damaged by this failure to provide accurate wage statements because, among other things, Plaintiff and members of the Plaintiff Class were unable to determine the proper amount of wages owed to them, and whether they had received full compensation therefore.

84. Based upon information and belief, Plaintiff and the other members of the putative class were not provided wage statements at any time during their employment with Defendants.

85. Plaintiff and members of the Plaintiff Class request recovery of California Labor Code §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California Labor Code §226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION: CALIFORNIA BUSINESS AND

## PROFESSIONS CODE § 17200, etc.

**(By Plaintiff, the California Sub-Class, and the General Public, Against All Defendants)**

86. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

87. Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

88. Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the putative class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

89. The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law. As such, said conduct amounts to unfair business practices in violation of Business and Professions Code § 17200, *et seq.*

90. Defendants' conduct as herein alleged has damaged Plaintiff and the members of the putative class by denying them wages due and payable, by failing to provide proper meal and

-19-

rest breaks, by failing to pay overtime. Defendants' actions are thus substantially injurious to Plaintiff and the members of the putative class, causing them injury in fact and loss of money.

91.     Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the putative class.

92.     All members of the putative class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due Plaintiff and members of the putative class can be readily determined from Defendants' records. The Class Members are entitled to restitution of monies due and obtained by Defendant during the Class Period as a result of Defendants' unlawful and unfair conduct.

93.     During the Class Period, Defendants committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq*., of the <u>Business and Professions Code</u>, by and among other things, engaging in the acts and practices described above.

94.     Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the <u>Business and Professions Code</u>.

95.     The harm to Plaintiff and the members of the putative class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of <u>Business and Professions Code</u> § 17200.

96.     Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

97.     Defendants' course of conduct described herein further violates <u>Business and Professions Code</u> § 17200 in that it is fraudulent, improper, and unfair.

98.     The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein-above have injured Plaintiff and members of the putative class in that they were wrongfully denied the timely and full payment of wages due to them.

/ / /

/ / /

**CLASS ACTION COMPLAINT**
*FESAITU MARIO v. SWISSPORT USA INC., et al.*

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

**(Against Defendants on behalf of Plaintiff**

**and Proposed Members of the Plaintiff Class)**

99.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

100.     The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation. (29 C.F.R. §778.223 and 29 C.F.R. §778.315.) This Court has concurrent jurisdiction over claims involving the Fair labor Standards Act pursuant to 29 U.S.C. §216.

101.     Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendants in a non-exempt hourly position during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked. To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendants, the collective statute of limitations should be adjusted accordingly.

102.     Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

      a.      Whether Defendants' policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

      b.      Whether Defendants' policies and practices were to write down the time worked by Plaintiff and collective employees;

      c.      Whether Defendants failed to adequately compensate collective employees for all hours worked as required by the FLSA, including the time worked through their meal and rest periods;

d.      Whether Defendants failed to include all remuneration in calculating the appropriate rates overtime and straight time;

e.      Whether Defendants should be should be enjoined from continuing the practices which violate the FLSA; and

f.      Whether Defendants are liable to the collective employees.

103.    The Fifth Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

104.    Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

105.    Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

106.    29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA. The conduct by Defendants which violated the FLSA was willful.

107.    Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the collective employees are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

108.    Plaintiff and collective employees were all paid to Defendants on an hourly basis for the hours worked up to forty (40) in a workweek, but Plaintiff and collective employees worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours. Defendants also failed to pay Plaintiff, and collective

employees, compensation for the hours they worked performing duties primarily for the benefit of the employer during meal and rest periods.

109. For the purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout California and the United States in all respects material to the claims asserted in this Complaint.

110. Defendants violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

111. As a result of Defendants' failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

112. Plaintiff, therefore, demands that he and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which he was not compensated, compensation for meal and rest periods, compensation for miscalculation of overtime and straight time, plus liquidated damages, interest and statutory costs as provided by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the putative class, prays for judgment against Defendants as follows:

1. For an order certifying the proposed class;

2. For nominal damages;

3. For equitable relief, in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the putative class, and disgorgement of profits from the unlawful business practices of Defendants, and accounting;

4. For penalties as permitted by the California Labor Code, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, for penalties permitted by California Labor Code §§ 226, 226.3, 226.7, 510, 512(a), 551, 552, 558, 1197 and 1198;

5. For interest as permitted by statute, including California Labor Code § 218.6;

-23-

6.   For costs of suit and expenses incurred herein as permitted by statute, including California Labor Code §§ 226 and 1194;

7.   For attorney's fees as permitted by statute, including California Labor Code §§ 226 and 1194; and

8.   For all such other and further relief that the Court may deem just and proper.

DATED:   April 14, 2017               **BRADLEY/GROMBACHER, LLP**


By:   ___/S/ Kiley L. Grombacher, Esq___
     Kiley L. Grombacher, Esq.
     Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED:   April 14, 2017               **BRADLEY/GROMBACHER, LLP**


By:   ___/S/ Kiley L. Grombacher, Esq___
     Kiley L. Grombacher, Esq.
     Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**
*FESAITU MARIO v. SWISSPORT USA INC., et al.*