IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FESAITU MARIO, on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

SWISSPORT USA, INC., and SWISSPORT
CARGO SERVICES, L..P.,

    Defendants.

No. C 17-02099 WHA

**ORDER GRANTING STIPULATION AS MODIFIED**

The Supreme Court granted a writ certiorari in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016) *cert. granted*, 137 S. Ct. 809 (U.S. Jan 13, 2017), the controlling decision in our circuit regarding whether class action waivers violate the National Labor Relations Act. The Supreme Court has set *Morris* for oral argument on October 2, 2017.

Pending a decision in *Morris*, the parties have stipulated to a stay of all discovery deadlines related to class and collective claims. The parties have further stipulated that defendants can move to compel arbitration "until a reasonable time after the U.S. Supreme Court decision in *Morris*" and that plaintiff will not assert a waiver argument or defense for defendants' delay in bringing a motion to compel (Dkt. No. 34 at 2).

Given that the decision in *Morris* may alter controlling law on defendants' ability to compel arbitration, a stay is warranted. Nevertheless, discovery should proceed on Mario's individual claims. While this discovery should focus on facts and circumstances applicable to Mario, the mere fact that discovery may bear somewhat on class issues is not a basis for

refusing discovery. On the other hand, Mario may not overreach and seek discovery not chiefly related to his individual case.

If, following the Supreme Court's decision in *Morris*, defendants decided to move to compel arbitration, they shall do so within twenty one days of publication the decision in *Morris*. The parties' stipulation is **GRANTED AS MODIFIED HEREIN**.

**IT IS SO ORDERED.**

Dated: August 3, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE